IN RE VALUATION AND EQUALIZATION OF PROPERTY FOR
THE TAX YEAR 1981.
CHUCK BEERMANN ET AL., APPELLANTS, V. STATE BOARD
OF EQUALIZATION AND ASSESSMENT OF THE STATE
OF NEBRASKA, APPELLEE.
319 N.W.2d 118

Filed May 7, 1982. No. 81-584.

Smith, Smith & Boyd, for appellants.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

The appellants are owners of irrigated land in Dakota County, Nebraska. They appeal from an order of the State Board of Equalization and Assessment that increased the valuation of all irrigated land in Dakota County, Nebraska, by 17.64 percent.

On May 28, 1981, the county board of equalization of Dakota County, Nebraska, decreased the valuation of all irrigated land in Dakota County by 15 percent. On July 9, 1981, Dakota County was ordered to appear and show cause on July 21, 1981, why the valuation of all classes of irrigated land in Dakota County should not be increased 17.64 percent.

The appellants appeared by counsel at the hearings on July 21, 1981, and August 4, 1981. Evidence was presented on behalf of the appellants and by the Department of Revenue. At the conclusion of hearings on August 4, 1981, the State Board voted to in-

crease the valuation of all irrigated land in Dakota County, Nebraska, by 17.64 percent. The effect of the order was to reverse the 15 percent reduction in value made by the county board of equalization. It is from this order the appeal was taken.

The record shows that in 1981 the county assessor of Dakota County assessed irrigated agricultural land at the values established in the Nebraska Agricultural Land Valuation Manual prepared by the Department of Revenue. The 1980 edition of the manual is similar to the manual described in *Box Butte County v. State Board of Equalization & Assessment,* 206 Neb. 696, 295 N.W.2d 670 (1980). In that case we approved the action of the State Board in equalizing the assessment of farmland throughout the state upon the basis of the values set forth in the manual.

The most that can be said for the evidence which the appellants presented to the board is that it conflicted with that presented by the Department of Revenue. The appellants contended there was a smaller differential involved between dryland and irrigated land in Dakota County because of the rainfall received in the county. There were not sufficient sales of farmland to furnish evidentiary support for this theory, and the question was one which had to be resolved on the basis of opinion. The evidence submitted by the Department of Revenue supported the action of the State Board.

The burden of proof was on the appellants to establish that the action of the State Board was erroneous, arbitrary, and capricious. This they failed to do.

The order of the State Board of Equalization and Assessment is supported by the record and is, therefore, affirmed.

AFFIRMED.

KRIVOSHA, C.J., concurs in the result.